UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**THOMAS R. HAYES,**

      Plaintiff,

vs.                                   Case No.: 4:19-CV-00097

**JULIE JONES, Former Secretary
of Florida Department of Corrections,
in her individual capacity, et al.,**

      Defendants.
_____/

## DEFENDANT JONES' MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE

Defendant JULIE JONES, in her individual and official capacity, pursuant to Rule 12(b)(6), Fed. R. Civ. Pro., hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice as it fails to state a cause of action against Defendant JONES as she is entitled to Eleventh Amendment immunity, and in support thereof, states as follows:

### Statement of Facts and Procedural History

1.     On February 20, 2020, this Court entered its Order [Doc. 103] granting Plaintiff's Motion to Amend the Complaint [Doc. 101] and declared Plaintiff's Amended Complaint [Doc. 102] as the operative pleading.

2. Plaintiff's Amended Complaint sues Defendant JONES in her individual capacity [Doc. 102 at p.2], in her official capacity [Id. at ¶55 subparagraph 1).] and also for her acts "under authority and color of state law" [Doc. 102 at pp. 20-21 ¶¶ 54 and 55] for "Deliberate Indifference to Serious Medical Need/Failure to Adequately Supervise To Provide Medical Care" in Count II.  [Doc. 102 at pp. 20-21].

3. Plaintiff seeks compensatory damages of $50,000 against each Defendant, $100,000 in punitive damages, attorney fees, costs, and court costs and expenses against Defendant JONES.  [Doc. 102 at pp. 21-22, ¶¶ 58-62].

## Memorandum of Law

Plaintiff's Amended Complaint against Defendant JONES should be dismissed as Defendant JONES is entitled to Eleventh Amendment immunity. Plaintiff alleges violation of 42 U.S.C. § 1983 case against Defendants Corizon, Centurion, and Defendant Julie Jones.  While Plaintiff has attempted to sue Defendant JONES in her individual capacity [Doc. 102 at 2], the allegations of the Amended Complaint allege conduct by Jones while "FDC's Secretary," [Doc. 102 at ¶27] and "acting under authority and color of state law." [Doc. 102 at ¶¶ 30, 38-40, 54, 55]  Plaintiff seeks compensatory and punitive damages, costs, and attorney fees against Defendant Jones in her official capacity.  [Doc. 102 at 21-22].  As such,

Defendant Jones invokes qualified immunity from Plaintiff's request for monetary relief.

To "survive dismissal under Federal Rule of Civil Procedure 12(b)(6), the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."  James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).  Dismissal is also warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue precluding relief.  Camm v. Scott, 834 F. Supp. 2d 1342, 1346 (M.D. Fla. 2011) (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989)).

### **Defendant JONES is entitled to Eleventh Amendment Immunity**

Defendant JULIE JONES invokes Eleventh Amendment immunity from Plaintiff's requests for monetary relief.  A suit against a state employee in an official capacity is a suit against the State for Eleventh Amendment purposes. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). In the absence of any waiver or express congressional authorization, which are not present in this case, the Eleventh Amendment prohibits a suit against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985). Congress did not intend to abrogate a state's

Eleventh Amendment immunity in §1983 damage suits. Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation, 49 F.3d 1490 (11th Cir. 1995). Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to §1983. See Gamble v. Florida Dep't of Health & Rehabilitative Servs., 779 F.2d 1509, 1513 (11th Cir. 1986). Florida has not waived its Eleventh Amendment immunity from suit in federal court. §768.28(18), Florida Statutes.

Plaintiff's Amended Complaint sues Defendant JONES in her official capacity [Id. at ¶55 subparagraph 1).] alleging conduct performed by her "under authority and color of state law." [Doc. 102 at pp. 20-21 ¶¶ 54 and 55] for "Deliberate Indifference to Serious Medical Need/Failure to Adequately Supervise To Provide Medical Care" in Count II. [Doc. 102 at pp. 20-21]. Plaintiff's allegations throughout his Amended Complaint allege conduct of JONES while employed as "FDC's Secretary," [Doc. 102 at ¶27] and "acting under authority and color of state law." [Doc. 102 at ¶¶ 30, 38-40, 54, 55] Plaintiff seeks compensatory and punitive damages, costs, and attorney fees against Defendant Jones in her official capacity. [Doc. 102 at 21-22].

## There Exists No Causal Connection Between Defendant Jones, Sued In Her Individual Capacity, and Any Constitutional Violation

To state an Eighth Amendment claim related to his medical care, Plaintiff must demonstrate that Defendant Jones acted, or failed to act, with "deliberate indifference to serious medical needs." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Estelle v. Gamble, 429 U.S. 97 (1976)).  It is only this deliberate indifference to serious medical needs that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  Estelle, 429 U.S. at 102.  Deliberate indifference is the reckless disregard of a substantial risk of serious harm.  Farmer, 511 U.S. at 835-36.  Defendant Jones does not dispute that Hepatitis-C can be a serious medical need.  For liability under 42 U.S.C. Section 1983 to attach, however, Plaintiff must allege an affirmative causal connection between Defendant Jones' conduct and the constitutional deprivation.  Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Commission, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

To allege a causal connection and state a claim against a supervisor, "the plaintiff must allege a purposeful action by the supervisor to deprive plaintiff of a constitutional right." Hood v. Dep't of Children and Families, 2014 WL 757914, at *5 (M.D. Fla. 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)).

5

Respondeat superior is not a viable cause of action to the extent that Plaintiff seeks to hold Defendant Jones individually liable on that theory. Supervisory liability cannot be based merely upon respondeat superior. See Braddy v. Florida Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998)(finding supervisory liability requires something more than stating a claim of liability under a theory of respondeat superior). It is "well established in this Circuit that supervisory officials are not liable under Section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)) (other citations omitted).

The premise of a supervisory liability claim is that a supervisor's subordinate has inflicted a constitutional violation, and the supervisor either personally participated in the injury, or there is an affirmative causal link between the supervisor's conduct and the subordinate's infliction of the constitutional injury. See Mathews v. Crosby, 480 F.3d 1265 (11th Cir. 2007). Plaintiff fails to allege that Defendant Jones personally participated in any constitutional violation and further fails to allege a causal link between her conduct, as a supervisor of subordinates who inflicted the constitutional injury.

A causal connection is established when: (1) the supervisor was on notice, by a history of widespread abuse of the need to correct a practice that led to the alleged deprivation, and he failed to do so; or (2) the supervisor's policy or custom resulted in a constitutional violation; or (3a) the supervisor directed the subordinate to act unlawfully; or (3b) the supervisor knew the subordinate would act unlawfully and failed to stop the unlawful action. Cottone, 326 F.3d at 1360. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. at 1361 (internal quotation marks omitted and citation omitted).

In the Amended Complaint, Plaintiff alleges no personal or individual actions of Defendant JONES, but rather only allegations of official conduct. None of Plaintiff's allegations go to conduct outside of Defendant JONES' official capacity as Secretary of the Florida Department of Corrections. See, e.g., [Doc. 102 at ¶ 29] ("Defendant Jones, for the next three years proceeding [sic] her appointment as FDC's Secretary, exhibited deliberate indifference towards Plaintiff's and all other (cHCV)'s serious medical needs of treatment…."); see also [Doc. 102 at ¶¶ 31, 33, 35, 36, 38-40].

Because Plaintiff's allegations only concern actions or omissions by Defendant JONES in her official capacity, and because there are no allegations regarding any causal link to Defendant JONES in her individual capacity, Defendant

7

JONES seeks to dismiss Plaintiff's Amended Complaint with prejudice based upon the Eleventh Amendment immunity afforded her as the former Secretary of the Florida Department of Corrections.

WHEREFORE, based on the foregoing authorities and arguments, Defendant JONES requests that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice, and for any further relief this Court deems necessary and/or proper.

## CERTIFICATE OF WORD LIMITATION

In accordance with N.D. Fla. Loc. R. 7.1(F), the number of words in the memorandum, which excludes the case style, signature block, and certificates (conference, word limitation, and service) is 1,450 words.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(B)

Pursuant to Rule 7.1(B), N.D. Fla. Loc. R., as Plaintiff is an inmate, counsel for Defendant Jones did not consult with Plaintiff, but assumes that Plaintiff opposes this response.

Respectfully submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL

/s/ *Christopher Torres*
Christopher C. Torres
Assistant Attorney General
Florida Bar No.: 0479209

Anthony D. Johnson
Assistant Attorney General
Florida Bar No.: 12084

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
christopher.torres@myfloridalegal.com
anthony.johnson@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically served by the Court's CM/ECF system and mailed to the Plaintiff THOMAS R. HAYES DC # 053503, Union Correctional Institution, P.O. Box 1000, Raiford, Florida 32083 this 13th day of March 2020.

*/s/ Christopher C. Torres*
Christopher C. Torres, Esq.
Anthony D. Johnson, Esq.