

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS R. HAYES,
Plaintiff,

v. CASE NO: 4:19-CV-00097-MW/MAF

JULIE L. JONES, et. al.,
Defendant(s).
_______________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT JONES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Thomas R. Hayes, pursuant to (N.D. Local Rule 7.1(e)) and this Court's Order entered on March 17, 2020 (DOC. 110) hereby moves this Honorable Court for the entry of an Order denying Defendant Jones' Motion To Dismiss Plaintiff's Amended Complaint and in support thereof would state the following:

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

1). On February 13, 2020 Plaintiff filed a Motion to Amend his complaint. (ECF No. 101). Plaintiff also simultaneously filed his Amended Complaint, (ECF No. 102). On February 20, 2020 this Honorable Court granted Plaintiff's Motion To Amend. (ECF 103). This Court also ordered Defendant Jones to file an answer or other response to the Amended Complaint, no later than March 13, 2020. (ECF No. 103).

2). Defendant Jones has missed construed the format Plaintiff used to identify in what capacity each defendant is being sued. The (1) represents in their official capacity for defendants Corizon & Centurion, which is what paragraph #53 and

FILED USDC FLND TL
APR 20 '20 PM3:37

#56 reflect. The (2) represents in her individual capacity for defendant Jones as shown in paragraph #54 and #55.

## MEMORANDUM OF LAW

Defendant's Jones states in it's opening paragraph "hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice as it fails to state a cause of action against Defendant Jones as she is entitled to Eleventh Amendment immunity." … (ECF 109, page #1). This is a central theme of defendant Jones' defense to Plaintiff's claims.

Plaintiff acknowledges that "if" defendant Jones was being sued in her official capacity for monetary relief, she would be entitled to claim Eleventh Amendment immunity. However, (Eleventh Amendment immunity) is not applicable in the present claim against defendant Jones, as she is only being sued in her individual capacity.

A review of Plaintiff's Amended Complaint reveals in what capacity each Defendant is being pursued.

1). As previously stated above, page #2 of Plaintiff's Amended Complaint, (1) Defendant's Name: Julie L. Jones—Individual Capacity.

2). The other two defendants (Corizon & Centurion) on this same page clearly reflect they are being pursued / sued in their Official Capacity / Individual.

3). In Plaintiff's Statement of Claims, starting with paragraphs #53 for Corizon (1), which indicates that Corizon is being sued in their Official Capacity / Individual Capacity. The same in paragraph #56 for Defendant Centurion (1) indicating in

their Official Capacity / Individual Capacity.

4). Paragraphs #54 & 55 reflect the capacity in which Defendant Jones (2) is being perused (in her individual capacity) as shown on page #22.

Nowhere in Plaintiff's Amended Complaint is it typed or shown, that Defendant Jones is being sued in her (Official Capacity). Just because she is the top person of the FDC does not exempt her from liability if she acted outside of her discretionary function and violates known federal law, that in turn violated Plaintiff's Constitutional rights. Defendant Jones is being sued in her individual capacity only.

**PROPERLY STATED CLAIM FOR RELIEF**

In order to state a claim, Plaintiff must show that conduct under color of state law, complained of in the civil suit, violated Plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. *Whitehorn v. Harrelson,* 758 F. 2d. 1416, 1419 (11th Cir. 1985); *Rhiner v. Jones,* 2016 U.S. Dist. LEXIS 128031.

Due to the inexperience, *pro se* complaints are held to "less stringent standards then formal pleading drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97, 106 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "The denial of a Motion to Dismiss is proper if the Plaintiff's complaint, taking the facts alleged therein as true, makes out a claim that is plausible on its face." *Paez v. Mulvey,* 915 F. 3d 1276, 1292 (11th Cir. 2019); *Gaines v. Jones*, 2019 U.S. Dist. LEXIS 52761.

Defendant Jones asserts that Plaintiff fails to state a claim that (a) would adequately put her on Notice and (b) entitle Plaintiff to the requested relief sought. Under Federal Rules of Civil Procedure 8(2)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give Defendant fair notice of both the claim and the supporting grounds. *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), *Ashcroft v. Ighal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Plaintiff's "Statement of Claims" on page (6a) of the Amended Complaint, paragraph #54 adequately puts defendant Jones' on "NOTICE" that she violated Plaintiff's 8th and 14th Amendment Rights to be free of cruel and unusual punishment by being deliberate indifferent to Plaintiff's serious medical needs. Defendant Jones adopted and / or embraced a "custom & practice" of no funding for treatment of (cHCV) Plaintiff and others. The (2) immediately following Jones name indicates "in her individual capacity," as shown on page (6b).

Plaintiff will further demonstrate a casual connection between, the acts of a supervising official (Defendant Jones) and the alleged constitutional deprivation (deliberate indifference to a serious medical need) that can render an official liable on a Section 1983 Claim. See *Douglas v. Yates,* 535 F. 3d 1316, 1322 (11th Cir. 2008).

A Plaintiff may establish a casual connection by showing that:

1). "A history of widespread abuse puts the responsible supervisor on Notice of the need to correct the alleged deprivation and that he / she failed to do so."

Defendant Jones was put on "Notice" of a systemic widespread medical problem with (cHCV) in her first year of service (2015) continuously through and

up to the resolution of the *Hoffer, Supra* preliminary injunctive hearing in December of 2017. One source of Notice was from her senior subordinate, Director of Health Services Administration, Thomas Reimers; who from one important submitted document a legislative budget proposal to obtain funding to purchase the desperately needed (DAA's) to treat (cHC V) inmates who were dying because of failure to treat. These particular dying inmates was another independent source, through the morality reports reflecting cause of death, report from 2015 through December of 2017. These Red Flags of "Notice" coupled with the problem statement within the budget proposals submitted by defendant's senior subordinate as reflective of statement #32 of Plaintiff's Statement of Facts in support.

Director Reimers had submitted a second legislative budget proposal the following year (2016), as mentioned in #37 of Statement of Facts. This second proposal point out that by their (FDC) count, "that 500 inmates are at highest risk and in need of the new medication, with fibrosis still a criterion for treatment eligibility." This Court determined that only ten (10) inmates were ever treated with (DAA's), which had been on the market since 2014, prior to December of 2017.

Plaintiff further alleges in paragraph #55, that Defendant Jones violated Plaintiff's 8th and 14th Amendment Rights, by failing to adequately supervise FDC employees and agents of Centurion to ensure adequate medical evaluations and medical treatment of Plaintiff's (cHCV) and others. Plaintiff also incorporated his statement of facts, #26 through #40 that he feels would demonstrate the support to his two part claim enough to clear that bar at this early stage of the proceedings and meet the dictates of *Twombly Supra* and *Ashcroft.*

On page #5, Defendant Jones claims there exist no causal connection

INMATE '20/4/14 A61D011013714 105549

between Jones, sued in her individual capacity and any Constitutional violation. Plaintiff asserts there is numerous causal connections between Defendant Jones' action or inactions and the alleged federal constitution deprivations.

Defendant Jones has forgotten or ignores an inescapable fact, that this very Court has already found her to have been "deliberately indifferent" to the serious medical needs of a large class of (cHCV) inmates in the FDC; by violating each class members 8th Amendment Right, of which Plaintiff was and is a member. See *Hoffer v. Jones,* 290 F. Supp. 3d 1292 (N.D. Fla. 2017). Plaintiff would move this Honorable Court to take "judicial notice" of the facts resolved and incorporate those findings to the instant Amended Complaint. Although Defendant Jones was sued in her official capacity for injunctive relief in *Hoffer Supra*, the necessary components needed to find her deliberately indifferent to the serious medical needs of the class are no different than her now being sued in her individual capacity, nor was she absolved of future liability for violating known federal rights and established case law.

2). "The supervisor's improper " custom & policy " led to deliberate indifference to constitutional rights;"

Paragraph #35 at the Statement of Facts had shown a recent ruling by a District Court, that had an effect on the Florida Health Care Administration to acknowledge and change their policy on treatment with (DAA's). In June of 2016, Defendant Jones had revised the FDC (HSB) 15.03.09 Supplement #3 to reflect that (DAA's) was the standard for treating (cHCV) inmates. By doing so, Defendant Jones not only acknowledged the necessity of these (DAA's) for treating FDC inmates, but also acknowledges all of the ramifications of what they

were treating and the effects if not treated by these DAA's.

Because of Defendant Jones' "Custom & Practice" of budget cost savings for FDC and the State, Defendant Jones chose to go outside of her discretionary function and decided not to allow the Florida Legislature to even consider these important budget proposals with grave consequences involved, not once, but two consecutive years (2015 & 2016). The Statement of Facts outlines these notices in #36, #38, #39 and #40.

3). "Facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them.

Defendant Jones does not have to have individual knowledge of Plaintiff's personal medical circumstances to be found deliberately indifferent to a serious medical needs of that individual plaintiff, if the necessary causal connection can be established, if "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and they failed to do so." *Gonzalez v. Reno,* 325 F. 3d 1228, 1234 (11th Cr. 2003).

Alternatively, the causal connection may be established when a supervisor's "custom or policy… results in deliberate indifferent to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew the subordinates would act unlawfully and failed to stop them from doing so." *Gonzalez,* 325 F. 3d at [1235]; *Curry v. Inch,* 2019 U.S. Dist. LEXIS 145632.

**DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY**

The Eleventh Circuit, recently in *Sebastian v. Ortiz,* 2019 U.S. App. LEXIS 7477, 2019 WL 1187012, at #3 (11th Cir. March 14, 2019), addressed the denial of a Motion to Dismiss asserting qualified immunity, and explained:

> Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

The doctrine therefore "protects from suit all but the plainly incompetent or one who is knowingly violating the federal law." Here, in the instant complaint Plaintiff has demonstrated a custom & practice of permitting a constitutional violation. See, *Grech v. Clayton Cty., Ga.,* 335 F. 3d. 1326, 1330 (11th Cir. 2003).

Defendant Jones' custom & practice of refusing funding for (DAA's) in treating Plaintiff and other (cHCV) inmates for approximately (3) three year period. From 2015 up until the Court issued a preliminary injunction on December of 2017, ordering treatment. The Court in *Hoffer v. Jones,* 290 F. Supp. 3d at 1300n.15 had stated if proven that (cHCV) treatment was denied for non-medical reasons such as post, that would amount to a constitutional violation, (citing *Harris v. Thigpen,* 941, F. 2d 1495, 1509 (11th Cir. 1991).

This constitutional violation of refusal to treat for non-medical reasons resulted from the deliberate indifference to Plaintiff's serious medical needs, in violation of the 8th Amendment of the U.S. Constitution, that has been clearly established law for over forty years. *Estelle v. Gamble,* 429 U.S. 97, 97 S. Ct. 285,

50 L. Ed. 251 (1976).

Plaintiff hopefully has adequately responded sufficiently to over come Defendant Jones Motion To Dismiss at this early stage and met the dictates of *Twombly* and *Ashcroft*. These claims against defendant Jones are not new to this District Court. This defendant has clearly violated the constitutional rights and establish federal law, not only against Plaintiff, but hundreds if not thousands of inmates who had Hepatitis-C, and suffered the wanton infliction of pain and mental anguish.

Plaintiff and without doubt hundreds of others in this widespread abuse are suffering ongoing severe liver damage, despite successful Court ordered treatment. Now Plaintiff is subjected to long-term follow-up care via ultrasounds, in order to potentially detect liver cancer at it's earliest stages.

Now an additional new threat arrives. Because of Plaintiff's severely damaged liver, which probably is not even functioning at 50% capacity; Plaintiff's immune system is now severely compromised and very vulnerable to this deadly "Coronavirus" that is killing senior individuals with underlining health issues.

**CONCLUSION**

Defendant Jones has again attempted to have one of no doubt many suits dismissed on the premise of some conjured procedural flaw of any claim against her. Failure to state a claim, Eleventh Amendment Immunity and last but not least, Qualified Immunity. Defendant Jones didn't challenge Plaintiff's exhaustion of Administrative Remedies issue. Which, in essence, acknowledges that Defendant Jones had "Adequate Notice" of the claim against her. However, the replies to the

grievance and appeal were completely different than her new defenses now.

Defendant Jones was not successful in attempting to get her Motion To Dismiss in, *Curry v. Inch,* 2019 U.S. Dist. 145632, July 23, 2019, nor should she prevail now. Plaintiff would respectfully move this Court to deny Defendant Jones' "Motion To Dismiss" at this very early stage and set an initial scheduling order for discovery.

**CERTIFICATE OF WORD LIMITATION**

In accordance with N.D. Fla. Loc. R. 7.1(F), the number of words in the Memorandum, which excludes the case style, signature block, and certificates (word limitation and service) is 2,429 words.

Respectfully submitted,

Thomas R. Hayes

Thomas R. Hayes, Plaintiff
DC# 053503
Union Correctional Institution
P.O. Box 1000 – A1102
Raiford, Florida 32083

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original copy of Plaintiff's Response to Defendant Jones' "Motion To Dismiss" has been mailed by U.S. Postal Service, as witnessed by the stamp and initials on the cover page by institutional personnel to the Clerk of Court, at Office of the Clerk, 111 North Adams Street, Suite 322, Tallahassee, Florida 32301-7717 on this 15th day of April, 2020 and that a copy of said motion was forwarded to the following:

Christopher C. Torres
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

Thomas R. Hayes
Thomas R. Hayes, Plaintiff
DC# 053503
Union Correctional Institution
P.O. Box 1000 – A1102
Raiford, Florida 32083

INMATE '20/4/14 A61D011013714 105549

Thomas R. Hayes #[illegible]
Union Correctional Institution
P.O. Box 1000 - A1102
Raiford, Fl. 32083

Mailed from a State Correctional Institution

US POSTAGE PITNEY BOWES $ 000.85⁰ APR 15 2020

CHECKED APR 2 0 2021

Clerk of Court
Office of the Clerk
111 North Adams St., Suite 322
Tallahassee, Fl. 32301-7717

LEGAL MAIL

RECIEVED
UNION CORRECTIONAL INSTITUTION

APR 15 2020

BY:_______
FOR MAILING