UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS RAY HAYES,

    Plaintiff,

v.                              Case No: 4:19-cv-00097-MW-EMT

MARK S. INCH, JULIE L.
JONES, WOODROW A MYERS, JR.,
RODOLPHE LAFONTANT,
VICTORAL LOVE, DANIEL
CHERRY, ELLIOT PEREZ-
LUGO, ERNESTO L. TOLEDO
ALVERIO, CENTURION OF FLORIDA,
and CORIZON HEALTH, INC.,

    Defendants.
_____/

## DEFENDANT CORIZON HEALTH, INC.'S
## MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Corizon Health, Inc. ("Corizon") pursuant to Federal Rule of Civil Procedure 12 and rule 7.1, Local Rules of the United States District Court for the Northern District of Florida files its Motion to Dismiss as follows:

## MOTION

1. Plaintiff Thomas Hayes ("Hayes") filed suit in this District, naming Corizon, among others, as Defendants. The operative pleading is the Amended Complaint ("Complaint") [ECF #102].

2. The complaint fails to state a claim and administrative remedies were

not exhausted.

3.      Therefore, the claims should be dismissed.

## MEMORANDUM OF LAW

### I. BACKGROUND

Hayes is a life-sentenced prisoner of the Florida Department of Corrections, and has been in custody since 1976. From September 2013 to May 2016, Corizon contracted to provide medical services in certain Florida prisons.

Hayes claims he was diagnosed with Hepatitis-C in 2001, the condition was monitored until June 2013 and he was subsequently cured of the disease [ECF #102, ¶¶ 2-3].

### II. ARGUMENT

#### A. Dismissal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). This inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.      Hayes failed to exhaust administrative remedies.**

"Section 1997e(a), enacted as part of the Prison Litigation Reform Act, provides that a prisoner must exhaust all available administrative remedies before bringing a federal action challenging prison conditions." *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citation omitted); *see also*

*Hollingsworth v. Brown*, 788 So.2d 1078, 1079-80 (Fla. 1st DCA 2001).  This is a mandatory requirement, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).

An inmate has properly exhausted all available remedies when the inmate has used "all steps that the [prison] holds out, and doing so *properly* (so that the [prison] addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (quotation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. "Congress intended to afford prison officials time to address grievances internally before allowing a prisoner to initiate a federal lawsuit." *Johnson*, 418 F.3d at 1155.  While an inmate is not required to name every involved party in a grievance, he still must provide "all relevant information reasonably available to him." *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000). The "critical function of the grievance procedure is [to] provide the institution with notice of a problem such that they have an opportunity to address the problem internally," *Toenninges v. Georgia Dept. of Corrections*, 600

Fed. Appx. 645, 649 (11th Cir. 2015); *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1340, 1341 (N.D. Fla. 2005) ("Mr. Goldsmith … failed…to mention the core facts on which his claim was based (that he is homosexual, and that Officer White used a bigoted reference to homosexuality when he took the action at issue)"); *See Williams v. Barrow*, 559 Fed. Appx. 979, 986 (11th Cir. 2014)("Nor does that grievance describe any conduct of Warden Oubre and Dr. Sachdeva).

The Florida Department of Corrections has a grievance procedure, which is set forth in Chapter 33-103 of the Florida Administrative Code.  Generally, inmates must begin the grievance process by submitting an informal grievance to the designated staff member, who forwards the informal grievance to the staff member responsible in the particular area of the problem. §33-103.005(1).  If an inmate feels the grievance has not been satisfactorily resolved during the formal grievance procedure, an appeal may be submitted to the Office of the Secretary. §33-103.007(1). Grievance appeals may be returned without action if the inmate submits more than two additional pages of narrative along with the appeal. §§33-103.007(2)(b), 33-103.014(t). Appeals are also returned without action if they are not received in the Secretary's Office within fifteen calendar days from the date the response to the formal grievance is returned to the inmate. §33-103.014(i). *Williams v. Dep't of Corr.*, 2017 U.S. App. LEXIS 1805, 2017 WL 432793 \*6 (11th Cir. Fla. Feb. 1, 2017)(describing the procedure); *Wheeler v. Davis*, 2016

U.S. Dist. LEXIS 115824 *5-6 (N.D. Fla. Aug. 5, 2016)(same).

According to the record, Hayes never filed a grievance regarding his claims brought against Corizon.  Attached to the Amended Complaint is a grievance sent on March 26, 2018.  This grievance was also attached to the Complaint, but it is now different.  In the Motion to Dismiss filed by now former defendants Myers and Lafontant, it was argued this grievance sought nothing more than damages—not medical care [ECF #91, pp. 13-14].  Hayes seems to be intentionally avoiding that argument by redacting the improper language [compare, ECF #1, p. 32 to ECF #102, p. 26].

In addition to not seeking medical care, it is untimely because it was sent nearly two years after Corizon stopped providing medical care in any Florida prison.  The primary reason for the exhaustion requirement is to provide prison officials the opportunity to resolve prisoner complaints without litigation.  Corizon was not given that opportunity because Hayes procrastinated to the point where no informal resolution was possible.  Finally, Hayes seems to argue he exhausted administrative remedies through an October 30, 2018 letter to Corizon's former chief executive officer.  That correspondence clearly did not comport with the grievance procedure.

Because he did not grieve the issues brought here, he did not exhaust the procedure.  That failure requires dismissal.

### III. CONCLUSION

For the foregoing reasons, the claims against Corizon should be dismissed with prejudice and judgment should be entered in its favor.

### CERTIFICATE OF WORD LIMIT

Pursuant to Local Rule 7.1(F), this Motion contains 1,179 words.

By:    /s/ Gregg A. Toomey
       Gregg A. Toomey
       Florida Bar No. 159689

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF System, and will send a copy of the foregoing via U.S. Mail and/or electronically to the following:

Thomas Ray Hayes, #053503
Union Correctional Institution
PO Box 1000
Raiford, FL 32083
*Pro Se*

Christopher C. Torres
Anthony D. Johnson
Office of the Attorney General
*Attorneys for Defendant Jones*
PL-01, The Capitol
Tallahassee, FL 32399-1050
P: 850-414.3300
E:
Christopher.Torres@myfloridalegal.com
Anthony.Johnson@myfloridalegal.com
Joann.Mrazek@myfloridalegal.com
Steven.Holcomb@myfloridalegal.com

R. Craig Mayfield
Eliot B. Peace
Bradley Arant Boult Cummings, LLP
*Attorneys for Defendant Centurion*
100 N. Tampa St., Suite 2200
Tampa, FL 33602
P: 813-559-5500
F: 813-229-5946
E: cmayfield@bradley.com
epeace@bradley.com
mnewman@bradley.com
adeuter@bradley.com

Brian A. Wahl
Bradley Arant Boult Cummings, LLP
*Attorneys for Defendant Centurion*
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
P: 205-521-8593
F: 205-488-6593
E: bwahl@bradley.com


THE TOOMEY LAW FIRM LLC
*Attorneys for Defendant Corizon*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By:   /s/ Gregg A. Toomey
     Gregg A. Toomey
     Florida Bar No. 159689