## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**THOMAS RAY HAYES,**

      **Plaintiff,**

**vs.**
                              **Case No.: 4:19-CV-00097-MW-EMT**

**MARK S. INCH, et al.,**

      **Defendants.**

---

## DEFENDANT CENTURION OF FLORIDA, LLC'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1, Defendant Centurion of Florida, LLC (Centurion) moves to dismiss Plaintiff Thomas Hayes' (Plaintiff) Amended Complaint based on Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) and failure to state a claim upon which relief may be granted.

## I. FACTS AND PROCEDURAL HISTORY

### A. Procedural History

In February 2019, Plaintiff, a *pro se* litigant incarcerated at all relevant times at Union Correctional Institution (Union CI), filed his original Complaint in this matter. (ECF No. 1.) In the Complaint, he asserted claims against a variety of individuals, including current and former leadership at the Florida Department of

Corrections (FDC), providers affiliated with Corizon Health, Inc. (Corizon), and providers and operational personnel (Centurion Individual Defendants) affiliated with Centurion of Florida, LLC (Centurion). The Centurion Individual Defendants waived service (ECF Nos. 23–26) and filed a joint answer in August 2019 (ECF No. 38). Subsequently, in February 2020, Plaintiff filed a motion to amend in which he sought to "cure some deficiencies and streamline the original complaint." (ECF No. 101 at 2.) In the proposed Amended Complaint, he dropped the individual defendants with the exception of former FDC Secretary Julie Jones, including all of the Centurion Individual Defendants, and substituted Corizon and Centurion. (ECF No. 102.) The Court granted the Motion to Amend and ordered service on Centurion. (ECF No. 103.) Centurion filed its waiver of service on March 6, 2020, and the Court set May 5, 2020, as its response deadline. (ECF No. 103.) Therefore, this Motion to Dismiss is timely filed.

### B. Factual Allegations in the Amended Complaint

In the Amended Complaint, under 42 U.S.C. § 1983, Plaintiff asserts claims against Secretary Jones, Corizon, and Centurion for deliberate indifference to his serious medical need. (ECF No. 102.)

Plaintiff has been in FDC's custody and subject to a life sentence since 1976. (ECF No. 102 ¶ 1.) He claims he was diagnosed with hepatitis-C (HCV) in 2001 (ECF No. 102 ¶¶ 2–3.) He asserts Corizon and Centurion had a custom and practice

of refusing to authorize his HCV treatment. (ECF No. 102 ¶¶ 11–12, 41–42, respectively.) Under Centurion's care, which began in 2016 (ECF No. 102 ¶ 41), he started HCV treatment on March 9, 2018 (ECF No. 102 ¶ 48), which was successful.[1]

## II. LAW AND ANALYSIS

When considering the evidence and ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the complaint allegations must be construed in the light most favorable to the plaintiff. *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). When a plaintiff proceeds pro se, the court must liberally construe the allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-

---

[1] In the original Complaint, Plaintiff states he began receiving direct-acting anti-viral medications (DAA) to treat his HCV on March 9, 2018, which he completed on May 31, 2018. Approximately 3 months later, he states, follow-up testing "indicated that there was no detectible trace of the virus at that time." (ECF No. 1 ¶ 35.)

harmed-me accusation." *Id.* at 678. Thus, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Gill*, 941 F.3d at 511 (quoting *Iqbal*, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.*

The issue of exhaustion under the PLRA is appropriately raised in a motion to dismiss and the defense of failure to exhaust should be treated as a matter in abatement. *Bryant v. Rich*, 530 F.3d 1368, 1373–75 (11th Cir. 2008). Accordingly, "evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process." *Joseph v. Gorman*, No. 4:11cv34–MP/CWS, 2012 WL 4089012, at *2 n.1 (N.D. Fla. March 12, 2012) (citing *Bryant*, 530 F.3d at 1374-75); *see also Fullmore v. Pond*, No. 3:16–cv–114–J–39PDB, 2016 WL 6778926 (M.D. Fla. Nov. 16, 2016) (granting motion to dismiss for failure to exhaust supported by external evidence).

## A. Plaintiff's Failure to Exhaust

Plaintiff's claims against Centurion must be dismissed because Plaintiff failed to properly exhaust his available administrative remedies regarding those claims prior to filing suit.

The PLRA requires prisoners to exhaust all available administrative remedies

4

before filing a lawsuit in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998). The Eleventh Circuit strictly interprets the PLRA's exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (explaining the PLRA "entirely eliminates judicial discretion and instead mandates strict exhaustion"). Indeed, failure to exhaust administrative remedies requires dismissal. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

Notably, "the PLRA . . . requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion" means a prisoner must grieve his issues in compliance with the agency's procedural rules so the agency has a "full and fair opportunity" to address a prisoner's issues on the merits. *Id.* at 90. To accomplish this, Plaintiff must have completed the administrative process in accordance with the grievance procedures established by the prison. *Id.* at 1156. Florida Administrative Code Section 33-103 sets forth the grievance process applicable to Florida prisoners, which requires prisoners to: "(1) file an informal grievance with a designated prison staff member; (2) file a formal grievance with the institution's warden; and then (3) submit an appeal to the Secretary of the [Florida Department of Corrections]." *Id.* at 1211. In certain situations, including alleged emergencies or issues involving protective management issues, prisoners can skip the first two steps and proceed to the third by filing a grievance directly with the Secretary of the FDOC. *See* Fla.

5

Admin. Code § 33-103.005(1). For medical grievances, an inmate may skip the filing of an informal grievance and proceed directly to filing a formal grievance. Fla. Admin. Code ¶ 33-103.005(1). Otherwise, these three steps must be completed timely and in order. *See* Fla. Admin. Code § 33-103.011(4); *Bracero v. Sec., Fla. Dept. of Corr.*, 748 F. App'x 200, 202 (11th Cir. 2018) (explaining three-step process).

Here, Plaintiff attaches a single formal grievance (No. 1803-213-199) to the Amended Complaint. (ECF No. 102 at 25–26.) Plaintiff filed this formal grievance on March 26, 2018, several weeks after he began HCV treatment. In this grievance, he asserts FDC and its "contracted health care provider's inadequate policies and practices, failure to 'timely treat' me with these (DAA's) direct-acting anti-virals four years ago, the disease has progressed to irreparable injury and cirrhosis." (ECF No. 102 at 26.) As co-defendant Corizon notes in its Motion to Dismiss (ECF No. 116 at 6), in the copy of this grievance Plaintiff attaches to the Amended Complaint, he redacts the remainder of the grievance form, in which he seeks $500,000 or release, as opposed to medical care. (ECF No. 1 at 48.) Because Plaintiff was already receiving HCV treatment, this grievance was denied at the institutional level. (ECF No. 102 at 25.) Plaintiff then appealed to the FDC Secretary, who denied the appeal. (ECF No. 102 at 27–29.)

Plaintiff failed to complete the administrative exhaustion process as required

under the PLRA; this single grievance is inadequate to comply with the administrative grievance process as required by the Florida administrative code. A review of this grievance reveals Plaintiff did not properly grieve against Centurion or seek a remedy which could be addressed through the grievance process. First, Plaintiff filed this grievance after he was already receiving HCV treatment. (ECF No. 102 at 26.) Additionally, he seeks a remedy that cannot be provided through the grievance process: instead of seeking medical care or resolution of any medical issue, he demands $500,000 in damages or release from incarceration. (ECF No. 1 at 48.) Finally, Plaintiff fails to allege any wrongdoing on behalf of Centurion. In his formal grievance, he asserts the failure to timely treat his HCV occurred four years prior to the filing of his grievance. (ECF No. 102 at 26.) Four years prior to the filing of this grievance, e.g., 2014, Centurion was not FDC's contracted healthcare provider.[2] *See, e.g., Bracero*, 748 Fed. Appx. at 203 ("While the defendants' records showed that Bracero filed three direct grievances and appeals in 2016, none of these addressed the incidents he complained of in the informal grievances.") For these reasons, Plaintiff failed to properly exhaust his administrative remedies under the PLRA. *See Toenninges v. Georgia Dept. of Corrections,* 600 Fed. Appx. 645, 649 (11th Cir. 2015) (The "critical function of the grievance procedure is [to] provide

---

[2] Plaintiff does improperly raise allegations against Centurion for the first time in his appeal to the FDC Secretary. (ECF No. 102 at 27.)

the institution with notice of a problem such that they have an opportunity to address the problem internally . . . .") This failure demands dismissal of Plaintiff's claims against Centurion. *Id*. ("[T]he PLRA demands that prisoners complete the administrative process in accordance with the applicable grievance procedure set by the prison."). Additionally, dismissal with prejudice is proper here because no amendment of the Complaint will cure Plaintiff's failure to exhaust administrative remedies before the filing of this lawsuit. *Arthur v. JP Morgan Chase Bank*, NA, 569 Fed. Appx. 669, 686 (11th Cir. 2014) (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001)).

### B. Failure to State a Claim Upon Which Relief Can Be Granted

Additionally, and as a separate cause for dismissal, Plaintiff fails to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pleaded complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A "the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Moreover, while courts hold a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers" and can construe a *pro se* litigant's complaint "liberally," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), a court must not "serve as de facto counsel" or "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662).

Here, Plaintiff makes only the barest of allegations against Centurion. Essentially, he asserts only a conclusory legal conclusion that Centurion acted with deliberate indifference to Plaintiff's serious medical need without more. (ECF No. 102 ¶ 50.) He fails to adequately identify injuries suffered as a result of Centurion's purported shortcomings, noting only, "The failure to provide such care condemned Plaintiff and also other (cHCV) inmates to unnecessary pain, suffering, and to some even death," (ECF No. 102 ¶ 52), as well as undetermined "continued pain, suffering" and "a life-time of monitoring his liver for potential liver cancer in the

9

future," due to unidentified "extensive/irreversible damage to Plaintiff's liver." (ECF No. 102 ¶ 56.) He also fails to specifically identify or plead damages suffered because of Centurion's alleged actions. Nor does he establish a causal connection between any custom and policy of Centurion and any injuries or damages suffered. (ECF No. 102 ¶¶ 41–52.)[3] *See, e.g., Coleman v. Peach County, Georgia*, No. 5:050-CV-438 (WDO), 2006 WL 2356111, at *3 (M.D. Ga. 2006) (citing *McDowell v. Brown,* 392 F.3d 1283, 1289-90 (11th Cir. 2004)). Plaintiff's Amended Complaint is bereft of anything approaching "factual, non-conclusory support of his claim" against Centurion and constitutes nothing more than a "the-defendant-unlawfully-harmed me accusation" declared insufficient in *Iqbal.* 556 U.S. at 677. For these reasons, Centurion requests the Court dismiss Plaintiff's Amended Complaint.

## III. CONCLUSION

**WHEREFORE**, Centurion respectfully requests the Court grant this Motion to Dismiss with prejudice.

Respectfully submitted this 5th day of May, 2020.

s/Eliot B. Peace
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue, N.

---

[3] His single count against Centurion fares no better and merely recites boilerplate, conclusory allegations, asserting that Centurion adopted a custom of practice of not recommending HCV treatment for inmates "in order to shield FDC's lack of appropriated funds," thereby "denying Plaintiff of constitutionally adequate medical evaluation of his serious medical need." (ECF No. 102 ¶ 56.)

Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

Eliot B. Peace (FBN 124805)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
epeace@bradley.com

***Counsel for Centurion of Florida, LLC***

## Local Rule 7.1 Certificate

Pursuant to Local Rules 7.1(B)–(D), counsel is not required to confer with Plaintiff because he is a pro se inmate in custody and because this motion "would determine the outcome of a case or claim."

## Local Rule 7.1(F) Certificate

Pursuant to Local Rule 7.1(F), counsel certifies this Motion contains 2,320 words.

*/s/ Eliot B. Peace*_____
**Counsel for Centurion of Florida, LLC**

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5th, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification to all counsel of record, as follows:

Christopher C. Torres, Esq.
Anthony D. Johnson, Esq.
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL 32399-1050
christopher.torres@myfloridalegal.com
anthony.johnson@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com
*Counsel for Defendant Jones*

Gregg A. Toomey, Esq.
The Toomey Law Firm LLC
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL 33901
gat@thetoomeylawfirm.com
alr@thetoomeylawfirm.com
hms@thetoomeylawfirm.com
*Counsel for Defendant Corizon*

and served via U.S. Mail to:

Thomas Ray Hayes, #053503
Union Correctional Institution
P.O. Box 1000
Raiford, FL 32083
*Pro Se Plaintiff*

s/Eliot B. Peace
*Counsel for Centurion of Florida, LLC*