UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

RECIEVED
UNION CORRECTIONAL INSTITUTION

JUN 1 2 2020

BY:_____
FOR MAILING

THOMAS R. HAYES,
    Plaintiff,

v.                  CASE NO: 4:19-CV-00097-MW-EMT

JULIE L. JONES, et. al.,
    Defendants.
_____/

**PLAINTIFF'S OBJECTION TO DEFENDANT CORIZON'S**
**MOTION FOR LEAVE TO FILE A REPLY WITH MEMORANDUM**
**OF LAW IN SUPPORT OF IT'S MOTION TO DISMISS.**

Plaintiff, Thomas R. Hayes, files this "Objection" to Defendant's (Corizon) Motion for Leave To File "Reply" with an additional Memorandum of Law in support of their "Original" Motion to Dismiss. Pursuant to Federal Rules of Civil Procedure, Rule 12(g)(2), Plaintiff vehemently objects to the entire motion submitted by Defendant (Corizon) and moves this Honorable Court to deny said motion and would state the following in support thereof:

FILED USDC FLND TL
JUN 15 '20 PM4:09

## **MOTION**

I. BACKGROUND

1). The operative pleading is the "Amended Complaint" submitted February 11, 2020. (See, ECF doc. #102).

2). Defendant (Corizon) filed their "Motion To Dismiss" Plaintiff's Amended Complaint with supporting "Memorandum of Law" of 1,179 words on April 28, 2020. (See ECF, doc. #116).

3). On May 26, 2020, Plaintiff filed his "Response" to Defendant (Corizon's) Motion To Dismiss, with supporting "Declaration."

4). On June 5, 2020, Defendant (Corizon) filed a Motion for Leave to File a Reply with "additional" Memorandum of Law in support of its Motion to Dismiss. Plaintiff received and signed for on June 9, 2020.

5). First, Defendant (Corizon) inappropriately continues to list (7) seven additional defendants in the caption of its pleadings, that are not party to the "Amended Complaint."

6). Defendant (Corizon) states on page #2, numbered (3), that the Court will benefit from a Reply Memorandum as it will clarify the issues. This Court has not issued any Order asking for any clarification of any issue.

7). Counsel for Defendant claims, "is unable to discuss the requested leave with Hayes, due to his incarceration." Defense counsel is well aware through many litigated (1983's) against *pro se* Plaintiff's within the FDOC, that an Attorney call

can be arranged any day during the work week, through the Classification Departments throughout the FDOC.

## **MEMORANDUM OF LAW**

II. ARGUMENT

One of Rule 12's many pleading {2017 U.S. App. LEXIS 7} rules is 12(g)(2). It limits the defenses that can be raised for the first time in a second or "successive" motion to dismiss under Rule 12.

Specifically, the rule says:

> "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from it's earlier motion." Fed. R. Civ. P. 12(g)(2). *Brooks v. Warden,* et. al., 706 Fed. Appx. 965 (2017 U.S. App. LEXIS 16273).

In the instant case, the Defendant (Corizon) has not even attempted to mention what the issue or issues are "they" feel needs clarifying, let alone that they are one of two "exception" under the above stated rule. The Defendant is attempting to do, what the very intent of the rule was designed to stop, piecemeal litigation.

## CONCLUSION

Without stating a single (supporting) fact, or cite any Federal Rules of Civil Procedure, nor any case law in support of the Defendant's motion, granting such would be highly prejudicial against Plaintiff (by allowing a second or successive motion to dismiss after reviewing Plaintiff's Response. This would be contrary to both fairness, and precedent of the 11th Circuit. Therefore, Plaintiff respectfully request that Defendant (Corizon's) Motion for Leave To File an Additional Memorandum be denied.

## CERTIFICATION OF WORD LIMIT

Pursuant to Local Rule 7.1(F), this Motion contains <u>585</u> words.

Submitted by:

Thomas R. Hayes

Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___12th___ day of June, 2020, I have filed the foregoing "Objection" with the Clerk of Court, U.S. District Court, 111 North Adams Street, Tallahassee, Florida by U.S. postal service, by placing said document in the hand of institutional mailroom personnel, as witnessed by their stamp and initials on the cover page. A copy of said document was also forward by U.S. Mail to the following:

> The Toomey Law Firm
> The Old Robb  Stucky Building
> 1625 Hendry Street,  Suite 203
> Ft. Myers, Florida 33901

Respectfully submitted,

*Thomas R. Hayes*

Thomas R. Hayes, #093503
Union Correctional Institution
P.O. Box 1000  D1106-1
Raiford, Florida 32083

5

Thomas R. Hayes #053503
Union Correctional Institution
P.O. Box 1000 - J1106-1
Raiford, Florida. 32083

Mailed from a State
Correctional Institution

CHECKED ___ 15 2020

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams St., Suite 322
Tallahassee, Fl. 32301-7717

Legal Mail

3230137730 C001